# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| STEVE MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-320-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court is Steve Martinez's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to his physical impairments. Plaintiff previously applied for DIB. In a decision dated July 29, 2006, Plaintiff was found to be disabled as of October 1, 2004.[1] The Commissioner later determined that Plaintiff was no longer disabled as of February 1, 2011.[2] On February 14, 2011, Plaintiff requested that the Commissioner reconsider that

---

[1] *See* docket no. 7, Exhibits 01-16, Administrative Record ("Tr. ____") 142-47.

[2] *See* Tr. 137, 150-53.

decision.[3] That request was denied on March 16, 2011.[4] On July 29, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] and that hearing was held on October 26, 2011.[6] The hearing was then postponed to obtain additional evidence. A second hearing was held on December 15, 2011.[7] On January 6, 2012, the ALJ issued a written decision determining that Plaintiff was not disabled as of February 1, 2011.[8] On March 15, 2013, the Appeals Council denied Plaintiff's request for review,[9] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On May 8, 2013, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[10] The Commissioner filed her answer and the administrative record on July 8, 2013.[11]

On July 9, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United

---

[3] *See* Tr. 148-49.

[4] *See* Tr. 138-39.

[5] *See* Tr. 168.

[6] *See* Tr. 45-73.

[7] *See* Tr. 74-115.

[8] *See* Tr. 24-44.

[9] *See* Tr. 1-4.

[10] *See* docket no. 3.

[11] *See* docket no. 7.

States Court of Appeals for the Tenth Circuit.[12] Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on September 20, 2013.[14] After receiving an extension of time,[15] the Commissioner filed her answer brief on November 18, 2013.[16] Plaintiff filed his reply brief on December 11, 2013.[17]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)

---

[12] *See* docket no. 15.

[13] *See id*.

[14] *See* docket no. 17.

[15] *See* docket nos. 18-19.

[16] *See* docket no. 20.

[17] *See* docket no. 23.

3

(quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). However, where the Commissioner is determining whether previously awarded benefits should be terminated based on medical improvement, as in this case, a different standard applies.

Disability benefits may be terminated based on medical improvement only if there is substantial evidence demonstrating that "there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and . . . the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1)(A)-(B). Medical improvement is defined by the relevant regulations as "any decrease in the medical severity of [the cliamant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." *Id*. Medical improvement is considered to be related to a claimant's ability to work if there has been a decrease in the severity of the claimant's impairments and an increase in the claimant's functional capacity to do basic work activities. *See* 20 C.F.R. 404.1594(b)(3).

4

"The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity." *Knapp v. Barnhart*, 68 Fed. App'x 951, 952 (10th Cir. 2003) (citing *Glenn v. Shalala*, 21 F.3d 983, 987 (10th Cir. 1994)). "In deciding whether to terminate benefits, a claimant's impairments are considered together." *Id*. (citing 20 C.F.R. § 404.1594(d)).

"An eight-part sequential evaluation process is used in termination reviews." *Knapp*, 68 Fed. App'x at 952; *see* 20 C.F.R. § 404.1594(f)(1)-(8). The first step asks whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1594(f)(1). If the claimant is engaged in substantial gainful activity, he is no longer considered disabled. *See id*. If, however, the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to the next step.

At step two, the Commissioner considers whether the claimant's impairments meet or equal a section of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"). *See* 20 C.F.R. § 404.1594(f)(2); *see also* 20 C.F.R. § 404, Subpart P, Appendix 1. If the claimant's impairments meet or equal a listing, he will continue to be found disabled. *See id*. If, on the other hand, the claimant's impairments do not meet or equal a listing, the Commissioner moves to the next step.

The third step requires the Commissioner to determine whether there has been medical improvement, as defined above, in the claimant's conditions. *See* 20 C.F.R. § 404.1594(f)(3). If there has been medical improvement in the claimant's conditions, the Commissioner proceeds to

step four.  *See id*.  If there has not been medical improvement in the claimant's conditions, the Commissioner proceeds to step five.  *See id*.

At step four, the Commissioner considers whether the demonstrated medical improvement is related to the claimant's ability to work.  *See* 20 C.F.R. § 404.1594(f)(4).  The consideration at this step is whether there has been an increase in the claimant's residual functional capacity ("RFC") based on the impairments that were present at the time of the claimant's most recent favorable medical determination.  *See id*.  If the medical improvement is related to the claimant's ability to work, the Commissioner proceeds to step six.  *See id*.  If it is not, then the Commissioner proceeds to step five.  *See id*.

At step five, which is reached only if the Commissioner determines that there has been no medical improvement or that the medical improvement is not related to the claimant's ability to work, the Commissioner considers whether any of the exceptions to medical improvement contained in 20 C.F.R. § 404.1594(d) or (e) apply.  *See* 20 C.F.R. § 404.1594(f)(5).  If none of them applies, the Commissioner will determine that the claimant is still disabled.  *See id*.  If any of the first group of exceptions applies, the Commissioner proceeds to step six.  *See id*.  If any of the second group of exceptions applies, the claimant the Commissioner will determine that the claimant is no longer disabled.  *See id*.

At step six, which is reached only if the Commissioner determines that there has been medical improvement related to the claimant's ability to work or if one of the first group of exceptions to medical improvement applies, the Commissioner considers whether all of the claimant's impairments are severe.  *See* 20 C.F.R. § 404.1594(f)(6).  If all of the claimant's

impairments are deemed to be severe, the Commissioner proceeds to step seven. *See id*. If not, the Commissioner will determine that the claimant is no longer disabled. *See id*.

The seventh step requires the Commissioner to consider whether the claimant' can engage in substantial gainful activity. *See* 20 C.F.R. § 404.1594(f)(7). The Commissioner first determines whether the claimant has the RFC to engage in work he or she has done in the past. *See id*. If the claimant can perform such work, the Commissioner will determine that the claimant is no longer disabled. *See id*. If not, the Commissioner proceeds to step eight. *See id*

At step eight, the Commissioner considers whether the claimant has the RFC to do other work. *See* 20 C.F.R. § 404.1594(f)(8). If the claimant can perform other work, the Commissioner will determine that the claimant is no longer disabled. *See id*. If not, the Commissioner will determine that the claimant is still disabled. *See id*.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff presents various arguments. Among other things, Plaintiff argues that the ALJ erred by concluding that Plaintiff experienced medical improvement because the ALJ failed to properly evaluate the opinions of Dr. David VandeMerwe ("Dr. VandeMerwe"). That argument is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

7

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful

8

review"). As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g., Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff contends that the ALJ references the opinions of Dr. VandeMerwe in his decision, but fails to weigh those opinions in accordance with the above-referenced standards. In response, the Commissioner admits that the ALJ did not discuss Dr. VandeMerwe's opinions separately. However, the Commissioner argues that after discussing Dr. VandeMerwe's opinions and other doctor's opinions, the ALJ concluded that he was not giving "controlling or great weight to th[o]se opinions."[18] The Commissioner appears to argue that this was sufficient to demonstrate that the ALJ properly weighed Dr. VandeMerwe's opinions. The court disagrees.

It is clear that the ALJ referenced Dr. VandeMerwe's opinions in his decision, which indicates that he did consider them.[19] However, Plaintiff correctly argues that the ALJ failed to engage in the proper analysis to indicate the weight he assigned to those opinions. Indeed, nowhere in the ALJ's decision is there any specific discussion of the weight the ALJ assigned to those opinions. The ALJ's general reference indicating that he was not according controlling weight to a group of opinions does not satisfy the ALJ's duty under 20 C.F.R. § 404.1527(c) with respect to Dr. VandeMerwe's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 404.1527(c). As noted above, "an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent

---

[18] Tr. 37.

[19] *See* Tr. 36.

9

reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (quotations and citations omitted) (first alteration in original). The ALJ failed to do so concerning Dr. VandeMerwe's opinions. Accordingly, the court concludes that the ALJ erred in that respect.

Furthermore, the court concludes that said error was not harmless. In the relevant portion of the record, Dr. VandeMerwe opined that Plaintiff's neck pain limits his ability to sit for prolonged periods, lift heavy objects, and concentrate.[20] Dr. VandeMerwe further opined that Plaintiff had been disabled for many years and would continue to be disabled in the future.[21] As noted by Plaintiff, given the ALJ's failure to indicate the weight he assigned to those opinions, it is unclear to this court in what fashion the ALJ considered them in reaching his ultimate conclusion that Plaintiff experienced medical improvement.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ erred by failing to properly evaluate the opinions of Dr. VandeMerwe. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 3rd day of October, 2014.

BY THE COURT:

_____
PAUL M. WARNER, U.S. Magistrate Judge

---

[20] *See* Tr. 843.

[21] *See* Tr. 557, 843.