IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN J. MARTINEZ,<br><br>        **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-320-PMW<br><br>Magistrate Judge Paul M. Warner |

      All parties in this case have consented to United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Steven J. Martinez's ("Plaintiff") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 27.

**BACKGROUND**

Plaintiff previously applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. In a decision dated July 29, 2006, Plaintiff was found to be disabled as of October 1, 2004.[3] The Commissioner later determined that Plaintiff was no longer disabled as of February 1, 2011.[4] On February 14, 2011, Plaintiff requested that the Commissioner reconsider that decision.[5] That request was denied on March 16, 2011.[6] On July 29, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[7] and that hearing was held on October 26, 2011.[8] The hearing was then postponed to obtain additional evidence. A second hearing was held on December 15, 2011.[9] On January 6, 2012, the ALJ issued a written decision determining that Plaintiff was not disabled as of February 1, 2011.[10] On March 15, 2013, the Appeals Council denied Plaintiff's request for review,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

---

[3] *See* docket no. 7, Exhibits 01-16, Administrative Record ("Tr. ____") 142-47.

[4] *See* Tr. 137, 150-53.

[5] *See* Tr. 148-49.

[6] *See* Tr. 138-39.

[7] *See* Tr. 168.

[8] *See* Tr. 45-73.

[9] *See* Tr. 74-115.

[10] *See* Tr. 24-44.

[11] *See* Tr. 1-4.

On May 8, 2013, Plaintiff filed his complaint in this case seeking judicial review of the Commissioner's final decision.[12]  On October 3, 2014, this court issued a memorandum decision and order ("Order") reversing the Commissioner's final decision and remanding this case for further administrative proceedings.[13]  Although Plaintiff raised numerous challenges to the ALJ's decision on appeal, the court addressed only one issue in the Order because it was dispositive of Plaintiff's appeal.  The court concluded that the ALJ erred by failing to engage in the proper analysis concerning the weight he assigned to the opinions of Dr. David VandeMerwe ("Dr. VandeMerwe"), as required by the relevant regulations and Tenth Circuit case law.  *See* 20 C.F.R. § 404.1527(c); *see also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).  The judgment in this case was entered on October 6, 2014.[14]

On December 14, 2014, Plaintiff filed the motion for attorney fees currently before the court.  Along with the motion, Plaintiff filed a copy of the attorney fee agreement Plaintiff and his counsel both signed.  In that agreement, Plaintiff assigned his right to any EAJA attorney fees to his counsel.  The Commissioner opposes Plaintiff's motion.

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to

---

[12] *See* docket no. 3.

[13] *See* docket no. 25.

[14] *See* docket no. 26.

> subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted). In determining whether the Commissioner's position was substantially justified, the court must examine both the underlying agency's conduct and the Commissioner's defense of that conduct on appeal in the district court. *See* 28 U.S.C. § 2412(d)(2)(D).

The EAJA also provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id*. § 2412(d)(1)(B).  The thirty-day period for applying for attorney fees under the EAJA runs from the date the judgment is final and not appealable.  *See id*. § 2412(d)(2)(G).

In his motion, which was filed within the requisite thirty-day period referenced above, Plaintiff argues that he is entitled to an award of $5129.26 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees.  Plaintiff asserts that he is the prevailing party and that the position of the Commissioner in this case was not substantially justified.  Plaintiff further contends that the fees sought are reasonable.

In response, the Commissioner does not argue that Plaintiff is not the prevailing party or that there are special circumstances that make an award of fees unjust.  Instead, the Commissioner argues that her position in this case was substantially justified.  The Commissioner contends that even though the court determined that the ALJ erred by failing to provide the proper analysis concerning the weight he assigned to the opinions of Dr. VandeMerwe, it was still reasonable for her to defend the case.  The Commissioner also argues that if attorney fees are to be awarded in this case, they should be awarded directly to Plaintiff, not to Plaintiff's counsel.

The court has determined that the Commissioner's argument concerning substantial justification is without merit.  While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court has determined that principle does not apply here.  In arguing that her position was substantially justified, the Commissioner essentially reasserts the same general argument that she made in her answer brief, namely, that the ALJ's general reference indicating that he was not according controlling weight to a group of opinions satisfied his obligations under 20 C.F.R. § 404.1527(c) with respect to Dr.

VandeMerwe's opinions.  The court previously rejected that argument and rejects it again here.  Dr. VandeMerwe was one of Plaintiff's treating physicians and, in the court's view, his opinions were required to weighed specifically by the ALJ as a medical opinion in accordance with the relevant regulations.  *See* 20 C.F.R. § 404.1527(c); *see also Langley*, 373 F.3d at 1119.  The ALJ failed to engage in that specific analysis in this case.  For that reason, the court concludes that the Commissioner's position with respect to Dr. VandeMerwe's opinions was not substantially justified, either at the agency level or on appeal.

Having determined that the Commissioner's position was not substantially justified, the court turns to the issue of the payment of attorney fees under the EAJA in this case.  The court concludes that the award of attorney fees under the EAJA must be paid to directly to Plaintiff, rather than to Plaintiff's counsel.  That conclusion is consistent with case law from the Tenth Circuit.  *See Brown v. Astrue*, 271 Fed. App'x 741, 743 (10th Cir. 2008) (unpublished) ("The district court correctly held that [the plaintiff's] assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him.  Thus, the district court correctly declined to award the fees directly to counsel."); *Manning v. Astrue*, 510 F.3d 1246, 1249-55 (10th Cir. 2007) (holding based on statutory language, legislative history, and case law, that an attorney fee award under the EAJA is to the prevailing party and not to the prevailing party's counsel).  Notably, in his reply memorandum, Plaintiff does not object to payment of attorney fees under the EAJA directly to him, rather than to his counsel.

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for attorney fees pursuant to the EAJA[15] is **GRANTED**. The Commissioner shall pay Plaintiff an award of attorney fees under the EAJA of $5129.26, but that award shall be payable directly to Plaintiff, not to his counsel.

**IT IS SO ORDERED**.

DATED this 2nd day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 27.